UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROSSANA E. VILLAGRA,

    Plaintiff,

v.                                        Case No.:  3:21-cv-1260-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

# **OPINION AND ORDER**

Plaintiff Rossana E. Villagra seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. Plaintiff also filed a reply. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on October 30, 2017, alleging disability beginning March 1, 2016. (Tr. 84, 181-82). The application was denied initially and on reconsideration. (Tr. 84, 96). Plaintiff requested a hearing and a hearing was held on June 12, 2019, before Administrative Law Judge ("ALJ") William Greer. (Tr. 55-77). On September 4, 2019, the ALJ entered a decision finding Plaintiff not disabled from March 1, 2016, the alleged onset date, through June 30, 2018, the date last insured. (Tr. 36-47).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on August 14, 2020. (Tr. 13-18). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on December 20, 2021, and the case is ripe for review.[1] The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 10).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2018. (Tr. 38). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2016, through her date last insured of June 30, 2018.

---

[1] On Plaintiff's request for more time to file a civil action, the Appeals Council granted an extension of 30 days from the date Plaintiff received its letter. (Tr. 1-2).

(Tr. 38). At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: "fibromyalgia; insomnia; left lateral epicondylitis; patellofemoral pain syndrome of right knee; and history of obesity." (Tr. 39). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 139).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured (D LI), the claimant had the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) with limitations. Specifically, due to her medical condition and symptomatology through the DLI, the claimant was limited to simple, unskilled, repetitive work tasks, and only occasional interaction with the public.

(Tr. 39).

At step four, the ALJ relied on the vocational expert's testimony to find Plaintiff was incapable of performing her past relevant work as a case aide, employment specialist, and vocational rehab counselor. (Tr. 45). At step five the ALJ considered Plaintiff's age (45 years old on the date last insured), education (at least high school), work experience, and RFC, and found there were jobs that existed

in significant numbers in the national economy that Plaintiff could perform. (Tr. 45-47). Specifically, the ALJ found that Plaintiff could perform such occupations as:

    (1)  lens inserter, DOT 713.687-026,[2] sedentary, unskilled, SVP 2

    (2)  document preparer, DOT 249.587-018, sedentary unskilled, SVP 2

    (3)  final assembler, DOT 713.687-018, sedentary, unskilled SVP 2

(Tr. 46-47). The ALJ concluded that Plaintiff had not been under a disability from March 1, 2016, through June 30, 2018, the date last insured. (Tr. 47).

## II.   Analysis

On appeal, Plaintiff raises three issues: (1) whether the ALJ failed to properly evaluate the medical opinions and failed to properly determine Plaintiff's functional capacity; (2) whether the ALJ failed to properly evaluate Plaintiff's testimony; and (3) whether remand is required to consider additional evidence presented to the Appeals Council. (Doc. 12, p. 11, 17, 20).

### A.   Evaluation of Medical Opinions

Plaintiff argues that the ALJ erred in finding Plaintiff's treating physician Jennifer Glassman, M.D.'s opinion unpersuasive on the basis that it was unsupported by objective evidence. (Doc. 12, p. 12). The Commissioner claims the ALJ explained that Dr. Glassman's opinion was unsupported by the objective medical evidence,

---

[2] DOT refers to the *Dictionary of Occupational Titles*.

including her own treatment records and her opinion was inconsistent with the opinion of treatment rheumatologist Samuel Kim, M.D. (Doc. 16, p. 7-8).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3).

Dr. Glassman completed a Fibromyalgia Questionnaire. (Tr. 322-27). The impairment of fibromyalgia is "characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissue that has persisted for at least 3 months. SSR 12-2p, 2012 WL 3104869, *2 (July 25, 2012). When considering fibromyalgia, the Eleventh Circuit has recognized that fibromyalgia is a unique impairment because it "'often lacks medical or laboratory signs and is generally diagnosed mostly on a[n] individual's described symptoms.'" *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "Because the 'hallmark' of fibromyalgia is a 'lack of objective evidence,' a claimant's subjective complaints may be the only means of determining the severity of the claimant's condition and the functional limitations she experiences." *Id.* (citing *Moore*, 405 F.3d at 1211). An ALJ's decision is subject to reversal when the ALJ relies on lack of objective findings as a basis for an adverse decision. *Id.*

The Social Security Administration promulgated SSR 12-2p to provide guidance on how to determine whether a person has a medically determinable impairment of fibromyalgia and how it will evaluate this impairment in a disability claim. SSR 12-2p, 2012 WL 3104869 (July 25, 2012); *Francis v. Saul*, No. 8:18-cv-2492-SPF, 2020 WL 1227589, *3 (M.D. Fla. Mar. 13, 2020). The ruling informs

ALJs in how to consider fibromyalgia in the five-step process. SSR 12-2p, 2012 WL 3104869 (July 25, 2012).

The ruling requires an ALJ to consider all relevant evidence in the case and all of a claimant's medically determinable impairments, including those that are not severe when making an RFC determination. SSR 12-2p at *6. "For a person with fibromyalgia, an ALJ must consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" *Id.* An ALJ must consider widespread pain and other symptoms associated with fibromyalgia such as fatigue that may result in exertional and non-exertional limitations, which prevent a person from doing a full range of unskilled work. *Id.* If the objective medical evidence does not support a claimant's statements about the intensity, persistence, and functionally limiting effects of symptoms, then an ALJ must consider a claimant's daily activities, medications, or other treatments the person uses or used to alleviate symptoms, the nature and frequency of a claimant's attempt to obtain medical treatment for the symptoms, and statement by other people about the claimant's symptoms. *Id.* at *5.

The ALJ found Dr. Glassman's opinion unpersuasive:

> In July 2017, the claimant's PCP, Dr. Glassman completed a medical questionnaire regarding the claimant's fibromyalgia impairment and connected limitations. Dr. Glassman noted claimant's course of care and symptoms of fatigue, sensitivity to touch, numbness/tingling, muscle pain without injury, etc.; and she noted claimant's mental symptoms, headaches, and

> tender trigger point locations. Per questionnaire responses, Dr. Glassman opined the claimant to have extensive physical and mental limitations, to the extent she could not sustain even sedentary level work, due to the severity of her impairments and fibromyalgia (Exhibit 3F). Here, the undersigned is not persuaded by this opinion evidence because Dr. Glassman's medical opinion appears unsupported by the objective medical evidence of record as a whole, including her own treatment record, which consistently denote largely normal physical exam findings and conservative plan of care. Furthermore, Dr. Glassman is a primary care physician, and rheumatology is not her area of expertise.

(Tr. 44).

The ALJ found Dr. Glassman's opinion unpersuasive for two reasons: (1) he found it unsupported by the objective medical evidence of record, including Dr. Glassman's own treatment record, her largely normal physical exam findings, and the conservative plan of care; and (2) Dr. Glassman is a primary care physician and rheumatology is not her area of expertise. (Tr. 44). Starting with the first reason, the ALJ specifically discounted Dr. Glassman's opinion on fibromyalgia because it was unsupported by the "objective medical evidence of record as a whole," which included largely normal physical exam findings and a conservative plan. (Tr. 44). But fibromyalgia is a unique impairment and often lacks medical or laboratory signs and often lacks objective evidence. *See Horowitz*, 688 F. App'x at 863. And an ALJ errs if he relies on the lack of objective findings as a basis for an adverse decision. *Id.* By relying on objective medical evidence to discount Dr. Glassman's opinion, the ALJ's supportability, consistency, and persuasiveness findings are not supported

by substantial evidence. The ALJ also discounted this opinion based on conservative treatment. He did not explain why conservative treatment, such as medication management, renders Dr. Glassman's opinion unsupported. Nor did he cite any records showing that another type of treatment was warranted in this case. For these reasons alone, remand is appropriate to reevaluate Dr. Glassman's opinion.

The ALJ also mentioned that Dr. Glassman does not specialize in rheumatology. While true, the ALJ did not explain how this affected Dr. Glassman's opinion. Both Drs. Glassman and Kim (a rheumatologist) agreed that Plaintiff met the American College of Rheumatology criteria for fibromyalgia. (Tr. 322, 374). They both found Plaintiff had widespread pain or a history of widespread pain in all quadrants and both found Plaintiff had at least 11 positive tender points on physical exam. (Tr. 323, 375). They both agreed that the pain may fluctuate and that Plaintiff experienced chronic widespread pain affecting 7 or more anatomical areas. (Tr. 323, 375). And although the two opinions had some differences, the opinions agreed in many areas. The ALJ never explained why he discounted Dr. Glassman's opinion given the similarities between her opinion and a rheumatologist's opinion about Plaintiff's fibromyalgia.

The ALJ commented, "[o]f note, Dr. Kim offered no medical opinion concerning the claimant having any significant physical or mental limitations in a work setting; and he recommended the claimant have a functional capacity

evaluation (FCE)." (Tr. 44). Dr. Glassman did assess Plaintiff's physical and mental limitations in her opinion. (Tr. 322-26). The ALJ did not explain why these assessments, such as lifting, carrying, handling, fingering, or absences from work require a specialty in rheumatology to determine. Nor does Dr. Kim's failure to complete the form as to physical and mental limitations conflict with any of Dr. Glassman's findings. For these reasons, substantial evidence does not support the ALJ's consideration of Dr. Glassman's opinion.

### B. Other Issues

Plaintiff raises two other issues, the first involves the ALJ's evaluation of Plaintiff's subjective complaints, and the second involves additional evidence submitted to the Appeals Council. Because the action is remanded on other grounds, the Commissioner is directed to also reevaluate Plaintiff's subjective complaints and the additional evidence submitted to the Appeals Council.

## III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the medical sources' opinions, Plaintiff's subjective complaints, and the additional evidence submitted to the Appeals Council. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2022.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties